**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

McKenzie Keller,

    Plaintiff,

vs.

MGM Resorts International, et al.,

    Defendants.

**2:24-cv-02027-JCM-MDC**

**ORDER**

Pending before the Court are a four ("4") *Motions to Withdraw as Attorney* (ECF Nos. 141, 145, 146, 147) (collectively "Motions").

In ECF No. 141, Kevin R. Stolworthy, Esq. moves to withdraw from representing defendant La Quinta Franchising, LLC, and CPLG Properties, LLC ("La Quinta defendants") in this matter. *See ECF No. 141*. Mr. Stolworthy represents that is no longer affiliated with Armstrong Teasdale LLP, the law firm representing the La Quinta defendants, and that these defendants had the claims against them dismissed in this matter. *Id*; *see ECF No. 135*. Mr. Stolworthy also moves to be removed from the Court's CM/ECF electronic service regarding this matter. *ECF No. 141*.

In ECF No. 145, Matthew D. Spring, Esq. and Satesh Sam Patel, Esq. move to withdraw from representing defendants, Salt Lake Lodging, LLC and CRRC Properties, LLC, because those defendants had the claims against them dismissed in this matter. *ECF No. 145*; *see ECF No. 135*. Mr. Spring and Mr. Patel also move to be removed from the Court's CM/ECF electronic service regarding this matter. *ECF No. 145*.

In ECF No. 146, Benjamin I. Wilkoff, Esq., Stephanie Chesney, Esq., Frank Toddre, Esq. and Jan Tomasik, Esq. move to withdraw from representing defendants Red Lion Hotels Corporation, Sonesta International Hotel Corporation, WHC816, LLC, and RL Salt Lake LLC because those defendants had the claims against them dismissed in this matter. *ECF No. 146*; *see ECF No*. 135. Mr.

1  Wilkoff, Ms. Chesney, Mr. Toddre, and Mr. Tomasik also move to be removed from the Court's
2  CM/ECF electronic service regarding this matter. *ECF No. 146*. Mr. Wilkoff, Ms. Chesney, and Mr.
3  Toddre additionally move for Lynnette Espy-Williams, esq. to be withdrawn from representing these
4  same defendants. *ECF No.* 147.[1]

5      For good cause shown and because the Motions are unopposed, the Court **GRANTS** the
6  Motions.[2] The Court also *sua sponte* removes Ms. Espy-Williams from the Court's CM/ECF electronic
7  service regarding this matter.

8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //

---

[1] This was originally filed a *Notice of Withdrawal as Attorney* before it became modified to be a *Motion to Withdraw as Attorney*. *See ECF No. 147*.

[2] The Court also notes that in plaintiff's Amended Complaint (ECF No. 138), none of the defendants above are listed.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The Motions are **GRANTED** (ECF Nos. 141, 145, 146, 147).

2. Kevin R. Stolworthy, Esq. is to be removed as counsel of record for defendants La Quinta Franchising, LLC, and CPLG Properties, LLC and removed from CM/ECF service in this matter.

3. Matthew D. Spring, Esq. and Satesh Sam Patel, Esq. are to be removed as counsel of record for defendants Salt Lake Lodging, LLC and CRRC Properties, LLC and removed from CM/ECF service in this matter.

4. Benjamin I. Wilkoff, Esq., Stephanie Chesney, Esq., Frank Toddre, Esq. and Jan Tomasik, Esq. are to be removed as counsel of record for defendants Red Lion Hotels Corporation, Sonesta International Hotel Corporation, WHC816, LLC and RL Salt Lake LLC and removed from CM/ECF service in this matter.

5. Lynnette Espy-Williams, Esq., is to be removed as counsel of record for defendants Red Lion Hotels Corporation, Sonesta International Hotel Corporation, WHC816, LLC, and RL Salt Lake LLC and the Court *sua sponte* removes her from CM/ECF service in this matter.

DATED: September 12th, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.