# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

McKenzie Keller aka Marcy C.,

                Plaintiff,

vs.

MGM Resorts International, LLC, *et al.*,

                Defendants.

Case No. 2:24-cv-02027-JCM-MDC

**ORDER GRANTING MOTION TO REMOVE ATTORNEY (ECF NO. 175)**

The Court has reviewed the *Motion to Remove Attorney* (ECF No. 175) ("Motion"). Defendant Treasure Island, LLC ("Treasure Island") requests to remove Emily Garnett, Esq. as counsel of record in this matter and that the email address egarnett@bhfs.com be removed from the service list. *ECF No. 175*. Treasure Island represents that Ms. Garnett is longer part of Brownstein Hyatt Farber Schreck, LLP ("Brownstein"), the law firm representing it. *Id.* Gregory A. Brower, Esq., Emily L. Dyer, Esq., and Madyson B. Bathke, Esq. from Brownstein will continue as counsel for Treasure Island. For good cause shown and because the Motion is unopposed, the Court grants the Motion. The Court also *sua sponte* instructs the Clerk of Court to list that Ms. Bathke is an attorney of Brownstein and not the Claggett & Sykes Law Firm as currently listed on CM/ECF Service in this matter.

//

//

//

//

//

//

//

//

1

ACCORDINGLY,

**IT IS ORDERED that:**

1.  The *Motion to Remove Attorney* (ECF No. 175) is **GRANTED**.

2.  Emily Garnett, Esq., is to be removed as counsel of record for defendant Treasure Island, LLC and the email egarnett@bhfs.com is to be removed from CM/ECF service in this matter.

3.  The Clerk of Court is *sua sponte* instructed to list that Madyson B. Bathke, Esq. is an attorney of Brownstein Hyatt Farber Schreck, LLP on CM/ECF Service in this matter.

DATED: January 16, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.