MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
**THE702FIRM INJURY ATTORNEYS**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone:     (702) 776-3333
Facsimile:      (702) 505-9787
***E-Mail:       service@the702firm.com***

GEOFFREY C. PARKER, ESQ.
Nevada Bar No. 16952
JONATHAN L. HILTON, ESQ.
Nevada Bar No. 16889
**HILTON PARKER LLC**
7658 Slate Ridge Boulevard
Reynoldsburg, Ohio 43068
Telephone:     (614) 992-2277
Facsimile:      (614) 927-5980
***E-Mail:       gparker@hiltonparker.com***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| McKENZIE KELLER,<br><br>        Plaintiff,<br><br>vs.<br><br>MGM RESORTS INTERNATIONAL, et al.,<br><br>        Defendants. | Case No. : 2:24-cv-2027<br><br>**Judge James C. Mahan**<br><br>**Mag. Judge Maximiliano D. Couvillier, III**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO AMEND UNDER RULES 59(E) AND 15** |

**I. INTRODUCTION**

Defendants attempt to reframe this case as one about a hotel and casino industry that failed, despite good faith efforts, to detect hidden crimes. That is not McKenzie's theory, and it never has been. McKenzie alleges that Defendants actively cultivated sex tourism; intentionally attracted guests seeking to buy sex; and structured their properties and security practices to facilitate those transactions while insulating buyers from risk. McKenzie alleges that Defendants knowingly and intentionally operated *de facto* brothels for their sex tourist guests by signaling availability, protecting purchasers, and tolerating the sale of women so long as guests were satisfied.

//

Rather than dispute McKenzie's descriptions of their businesses or attempt to justify their conduct, Defendants ignore her allegations and pretend they are normal hotels that, at worst, profited from sex trafficking occasionally and by accident. But Defendants are not normal hotels—normal hotels don't make easy access to commercial sex one of their central selling points.

What makes Defendants' behavior violate the TVPRA is the fact that they structured their businesses this way while *knowing* that more than half of the women whose sale they encouraged and enabled were, in fact, trafficking victims.

In its decision dismissing McKenzie's claims, the Court accepted Defendants' framing of the issue and declined to address McKenzie's allegations about how Defendants lean on and profit from the commercial sex industry. The Court declined to credit McKenzie's allegation that Defendants *knew* most prostitutes were trafficking victims. *But see* Fed. R. Civ. P. 9(b) (stating that knowledge may be alleged "generally").

McKenzie's [Proposed] Second Amended Complaint draws on newly-public deposition testimony that confirms McKenzie's allegation—that Defendants **know** most prostitutes are trafficking victims—is not speculative, extreme, or implausible. Two Defendants have admitted that most prostitutes are trafficking victims, and one has admitted that any prostitute with a pimp is being trafficked. At a minimum, such testimony makes McKenzie's theory plausible and requires the Court to confront it directly.

Whether or not the Court ultimately agrees with McKenzie's claims, it was error to dismiss them with prejudice and deny leave to amend without addressing her central theory or analyzing whether amendment would be futile. Reconsideration and leave to amend are warranted.

**II. REPLY PROCEDURAL HISTORY**

This case's procedural posture matters, because Defendants' characterization of "multiple failed attempts" obscures what occurred. Plaintiff filed her complaint in state court. (Doc. 1-1.) Defendants then removed. (Doc. 1.) Plaintiff readily acknowledged that the pleading would need to be amended to comply with federal standards and, in response to Defendants' first round of motions to dismiss, filed a counter-motion seeking leave to amend. (Doc. 116.)

//

The Court concluded that the counter-motion was procedurally improper under the local rules and dismissed the complaint for failure to oppose the motions to dismiss. (Doc. 135.) Crucially, however, the Court did not reach the merits and dismissed with leave to amend. (*Id.*) At that point, the Court had provided no guidance on the sufficiency of Plaintiff's allegations or how they might be cured. *See* (*id.*)

Plaintiff then filed the First Amended Complaint on August 1, 2025. (Doc. 138.) Because the Court had not yet ruled on the merits, that pleading was substantively similar to the proposed amendment previously submitted. *Compare* (Doc. 138) *with* (Doc. 173-2.) Defendants again moved to dismiss. (Doc. 148-152.) Plaintiff opposed those motions on the merits. (Doc. 153.) Only then—for the first time in the case—did the Court evaluate the sufficiency of Plaintiff's allegations and dismiss the action with prejudice. (Doc. 171.)

Thus, this is not a case where Plaintiff repeatedly failed to cure defects identified by the Court. Until the final dismissal order, Plaintiff had received no merits guidance at all. As a result, Plaintiff had no opportunity to tailor her allegations to the Court's concerns before dismissal with prejudice.

Moreover, the dismissal order itself makes clear that the perceived deficiencies were largely matters of missing specificity, not incurable legal flaws. For example, the Court repeatedly noted that McKenzie had alleged facts suggesting Defendants recognized prostitution on their properties, but had not alleged enough detail showing why Defendants' employees understood or interpreted those facts as indicative of trafficking rather than prostitution alone. (*id*. at 9-10.)

In several places, the Court emphasized that Plaintiff's allegations stopped short of explaining how Defendants' training, policies, or institutional knowledge translated into recognition that the conduct being facilitated involved force, fraud, or coercion. (*Id*. at 9-11.) Read fairly, those observations identify gaps in factual detail—not an incurably flawed theory of liability. Dismissal with prejudice was error, and the Court should grant leave to replead.

//

//

## III. ARGUMENT

**A. The Court Declined to Credit Plaintiff's Central Allegations, and Its Opinion Does Not Address Them.**

Plaintiff did not allege merely that Defendants were aware prostitution occurred on their properties. She alleged that Defendants *intentionally* cultivated sex tourism, *knowingly* attracted guests seeking to buy sex, and structured their operations to make commercial sex easy, plentiful, and low-risk for buyers. Plaintiff further alleged that Defendants did this while knowing that prostitution in that environment is usually coercive and dominated by pimp control.

Those allegations fundamentally change the knowledge analysis. A defendant who knowingly operates a venue designed to attract sex buyers—and who understands that prostitution in that context is more-often-than-not sex trafficking—is acting, at the very least, in "reckless disregard" of victims' sex trafficking.

The dismissal order does not meaningfully engage with that theory. Instead, it treats prostitution and trafficking as analytically distinct. The only way to find such a distinction is to implicitly conclude that Plaintiff's allegation—that Defendants know most prostitutes are trafficking victims—is implausible.

That matters, because Plaintiff pleaded that allegation expressly, and newly obtained deposition testimony now confirms its plausibility. Representatives of three of the Defendants have now testified that they understand prostitution and trafficking to be deeply intertwined, that pimps commonly control prostitutes, and that prostitution frequently signals trafficking. That testimony does not prove McKenzie's case, but it confirms that her central allegations are not speculative or implausible. At the pleading stage, plausibility is all that is required. *Starr v. Baca*, 633 F.3d 1191, 1205 (9th Cir. 2011) ("[T]he question is not truth or even probability.").

**B. Defendants' Conduct Is Not Passive Tolerance but Affirmative Participation in Sex-Tourism Ventures**

Defendants repeatedly attempt to recast Plaintiff's claims as "failure to prevent trafficking" theories. That framing is inaccurate. Plaintiff alleges that Defendants affirmatively enticed and enabled sex-tourist guests, protected buyers from risk, and structured their properties to facilitate

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

commercial sex. Defendants did not merely observe trafficking; they monetized demand for it.

In practical terms, Plaintiff alleges that Defendants operated de facto brothels. They need not have set prices or collected a direct cut to profit. They drew in guests seeking sex, provided a venue in which women could be sold with minimal interference, and ensured that transactions remained low-friction and low-risk for purchasers. Defendants did this knowing that many—and likely most—of the women sold inside their properties were controlled by traffickers. That is not passive inaction. It is commercial participation. *See G.G. v. Salesforce.Com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023)

MGM, Venetian, and Wynn are the central examples because the newly obtained testimony comes from them. But Plaintiff has consistently alleged that all Las Vegas Strip casinos behave in materially similar ways, operating within the same industry, the same city, and the same sex-tourism market. Defendants' attempt to isolate MGM and Venetian only underscores that the practices Plaintiff describes are industry-wide.

**C. The Court Erred Procedurally by Denying Leave to Amend Without Analyzing the Rule 15 Factors.**

Even apart from the merits, dismissal with prejudice was improper. The Court did not analyze undue delay, bad faith, prejudice, or futility. It did not find that amendment would be futile. And its reasoning suggests the opposite: that Plaintiff was missing particularized allegations tying Defendants' knowledge, training, and practices to trafficking indicators—precisely the kind of allegations supplied in the proposed Second Amended Complaint.

Where a court dismisses with prejudice without analyzing the Rule 15 factors—and where amendment could cure the identified deficiencies—that dismissal constitutes clear error or an abuse of discretion. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc) (holding District Court should *sua sponte* grant leave to amend where the plaintiff may plead additional facts to cure deficiencies in its complaint).

That Plaintiff previously amended once should not change the analysis. That single amendment occurred before any ruling on the merits from this Court. Thus, there has been no repeated failure to cure deficiencies.

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

### D. Plaintiff-Specific Knowledge Is Not Required

Venetian argues that amendment is futile because McKenzie still cannot allege that Defendants knew or should have known that *this particular plaintiff* was being trafficked. That argument misstates the law.

Section 1595 does not impose a plaintiff-specific knowledge requirement. In *G.G. v. Salesforce*, the Seventh Circuit made clear that a defendant need not identify a particular victim as trafficked where the defendant knowingly participates in and benefits from what it knows or should know is a trafficking-tainted venture. 76 F.4th 544, 556-57 (7th Cir. 2023).

McKenzie alleges that Defendants knowingly operated venues designed to sell women to sex buyers while understanding that many of those women were trafficking victims. Under *G.G. v. Salesforce*, that is sufficient at the pleading stage. Plaintiff's proposed amendment is not futile.

### IV. CONCLUSION

Plaintiff alleged that Defendants intentionally cultivated sex tourism, enabled commercial sex on their properties, and profited from environments they knew were rife with trafficking. Those allegations are now supported by some of the Defendants' own testimony stating that they know that pimps are traffickers and that most prostitutes are trafficking victims.

The Court's dismissal order did not meaningfully engage with Plaintiffs' theory—and Defendants' knowledge—and denied leave to amend despite clear indications that additional factual detail could cure perceived deficiencies. Reconsideration and leave to amend is warranted.

DATED this 30th day of January, 2026.

*/s/ Geoffrey C. Parker*

GEOFFREY C. PARKER, ESQ.
Nevada Bar No. 16952
JONATHAN L. HILTON, ESQ.
Nevada Bar No. 16889
HILTON PARKER LLC
Ohio Bar No. 0096049
7658 Slate Ridge Boulevard
Reynoldsburg, Ohio 43068
(614) 992-2277
gparker@hiltonparker.com
jhilton@hiltonparker.com

**THE702FIRM**
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
THE702FIRM INJURY ATTORNEYS
8335 West Flamingo Road
Las Vegas, Nevada 89147
(702) 776-3333
mike@the702firm.com

*Counsel for Plaintiff McKenzie Keller*