UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARCY C., pseudonmously,

Plaintiff(s),

v.

MGM RESORTS INTERNATIONAL, et al.,

Defendant(s).

Case No.2:24-CV-2027 JCM (MDC)

ORDER

Presently before the court is plaintiff McKenzie Keller's motion to alter or amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e) and for leave to file a second amended complaint under Rule 15. (ECF Nos. 172, 173).[1] Defendant Treasure Island, LLC ("Treasure Island") filed a response (ECF No. 176), as did defendants PHWLV, LLC, Parball Newco, LLC, and Rio Properties, LLC (the "Caesars" defendants) (ECF No. 177); defendants MGM Resorts International, New Castle, LLC, The Mirage Casino-Hotel LLC (the "MGM" defendants) (ECF No. 178); defendant Venetian Las Vegas Gaming, LLC ("Venetian") (ECF No. 179); and defendant Wynn Las Vegas, LLC ("Wynn") (ECF No. 181). Plaintiff filed a consolidated reply addressing all the defendants' oppositions. (ECF No. 185).

For the following reasons, the court denies plaintiff's request to alter or amend the court's order dismissing the first amended complaint with prejudice and likewise denies her leave to file a second amended complaint.

## I.    Relevant Procedural History

Defendants in this case filed motions to dismiss plaintiff's original complaint. (ECF Nos.

---

[1] Plaintiff filed identical motions at ECF Nos. 172 and 173. For efficiency, the court will cite only to ECF No. 172.

11, 12, 85–87, 91–97).  On May 29, 2025, plaintiff filed a response to the defendants' motions to dismiss and a countermotion requesting leave to file an amended complaint.  (ECF No. 116).

The court granted the defendants' motions to dismiss without prejudice on July 17, 2025, with leave to amend.  (ECF No. 135).  Within that order, the court noted that plaintiff's response and counter motion was not only tardy, but also improperly consolidated two different forms of relief.  (*Id.* at 1).  Pursuant to the court's order, plaintiff filed an amended complaint within 21 days.  (ECF No. 138).

Defendant Treasure Island, the Planet Hollywood defendants, the MGM defendants, defendant Venetian, and defendant Wynn moved to dismiss the amended complaint.  (ECF Nos. 148–152).  On November 13, 2025, the court granted the motions with prejudice.  (ECF No. 171).

Plaintiff filed the present motion for reconsideration under Rule 59(e) exactly 28 days later. She requests that, upon reopening of the case, she be allowed leave to amend her complaint (again) pursuant to Rule 15.

**II.    Legal Standards**

After final judgment has been entered, a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60.  *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).  A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment.  Motions for reconsideration brought under Rule 59 or 60 are generally left to the trial court's discretion.  *See Sch. Dist. No. 1J. Mutlinomah Cnty. v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Motions for reconsideration are disfavored.  *See, e.g.*, *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987); LR 59-1(b).  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

. . .

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*; *see* LR 59-1(b).  "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388) (9th Cir. 1985)).

**III.   Discussion**

Plaintiff argues that this court should reconsider its judgment because it committed clear error in granting the defendants' motions to dismiss with prejudice and because there is newly discovered evidence warranting an alternate outcome.  (ECF No. 172 at iii).

A.   Clear Error

Plaintiff first argues that the court committed clear error in its judgment.  Clear error is "plain and indisputable, and [it] amounts to a complete disregard of the controlling law or the credible evidence in the record."  *Freshwadda v. Boutos*, No. 2:23-cv-00880-CDS-DJA, 20205 WL 3539241, 2025 U.S. Dist. LEXIS 255493, at *4 (D. Nev. Dec. 9, 2025) (quoting *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012)).  "Clear error exists only when the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'"  *Milenbach v. Comm'r*, 318 F.3d 924, 935 (9th Cir. 2003) (quoting *Gonzalez-Caballero v. Mena*, 251 F.3d 789, 792 (9th Cir. 2001)).

Plaintiff argues that the court committed clear error by dismissing the case with prejudice without explaining why plaintiff could not correct her pleadings and because granting leave to amend would not be futile.  (ECF No. 172 at iii–v).

*1.   Prior Amendment*

Plaintiff mischaracterizes and misreads the court's order.  This court did, in fact, explain in detail why plaintiff failed to and could not state a claim under the TVPRA.  (*See* ECF No. 171 at 6–11) ("Plaintiff fails to allege well-pled facts supporting a conclusion that…Plaintiff's allegations, at most, establish that defendants should have known that plaintiff was engaging in commercial activity…Plaintiff fails to nudge her claim across the line from conceivable to plausible…plaintiff's claim…is based almost entirely on speculation… Plaintiff alleges no such

involvement by her trafficker…Plaintiff fails to allege how any defendant, including their employees, took specific actions to violate the TVPRA…plaintiff has failed to adequately plead this claim).

Save for one prong of the beneficiary liability claim, plaintiff's allegations time and again fell short of the pleading standards.  Remedying these issues would take almost a new set of facts entirely, and the court could not see how it would be possible.  Just because plaintiff disagrees with the court's application of law to the facts does not mean that the court committed clear error.  *See Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Moreover, when a plaintiff has already had an opportunity to amend her complaint, the district court's discretion to deny a subsequent request for leave to amend is "particularly broad."  *See, e.g.*, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (citing *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003) (9th Cir. 2002) (citation omitted)); *Chang v. Noh*, 787 App'x 466, 467–68 (9th Cir. 2019) (same as *Miller*).  This court's discretion to deny leave to amend was "particularly broad" because it had previously permitted plaintiff to amend her complaint.  (ECF No. 135).

Plaintiff claims her first amendment was procedural, rather than substantive. .  However Ninth Circuit precedent indicates that this is not the focus of the inquiry.  *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1174 (9th Cir. 2017).  In upholding the lower court's order dismissing the Navajo Nation's complaint without leave to amend, the Ninth Circuit in *Navajo Nation* reasoned that, "[a]lthough the Nation argue[d] that it amended its complaint…for other reasons, it had ample opportunity at those junctures to address the deficiencies in its pleadings." 876 F.3d at 1174.  At the time, the defendants had identified these deficiencies in their motions to dismiss.  *Id.*  The Ninth Circuit also noted that the Nation had time between the filing of the second amended complaint and the court's judgment to seek leave to amend, but it failed to do so.  *Id.*

Like the plaintiff in *Navajo Nation*, plaintiff has already had an opportunity to correct any deficiencies in her complaint, such as those pointed out by defendants in their first motions to dismiss, and she failed to seek an additional chance to amend in the months leading up to this court's order.

*Carolina Casualty Insurance Co. v. Team Equipment, Inc.*, relied on by plaintiff, is distinguishable from the case at hand.  741 F.3d 1082 (9th Cir. 2014).  In that case, the Ninth Circuit found that the "district court should not have dismissed [the plaintiff's] complaint without leave to amend, because it did not find that any attempt to amend the complaint would be futile." *Id.* at 1086.  But the district court notably dismissed the *original* complaint before plaintiff had even served it on the defendants, just seventeen days after it was filed.  *Id.* at 1085.  That is not the case here, where the court has already provided plaintiff an opportunity to amend her complaint, and she had ample time to seek additional amendment.

The cases further diverge in the subject matter giving rise to dismissal.  In *Carolina*, the supposed deficiency was in plaintiff's pleading of subject matter jurisdiction, which the Ninth Circuit found to be a "technical defect" plaintiff should have been permitted to cure.  *Id.* at 1086 (citing *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc)).  In its November order and judgment, the court was concerned only with substantive defects in the amended complaint.  *See supra* at 4.

## 2.        *Futility of Amendment*

It was apparent then, and is apparent now, that the defects discussed in the court's order cannot be cured by amendment.  Allowing plaintiff to amend her first amended complaint with the proposed second amended complaint would be improper, as plaintiff yet again fails to plausibly state a claim for relief under the TVPRA.

"A district court does not err in denying leave to amend where the amendment would be futile."  *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992); *Foman v. Davis*, 371 U.S. 178, 182 (leave to amend not required if it is "apparent or declared" that amendment would be futile); *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) (holding that dismissal without leave to amend is improper unless amendment is futile); *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.") (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008)).  As is evidenced by plaintiff's proposed second amended complaint, amendment would be futile.

### i.    Knowingly Benefitted

The first amended complaint was devoid of allegations that plaintiff's "presence in the defendant casinos resulted in increased revenue that the casinos would not have expected from the average guest." (ECF No. 171 at 7). There must be a "causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit." *Does v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022).

Here, plaintiff specifically alleges that casino employees "turned a blind eye to [her] plight" and that this willful blindness was intentionally fostered by casino employees to pad their bottom lines. (ECF No. 172, Ex. B ¶¶ 236–39). However, turning a blind eye to trafficking that may occur on a business' premises does not constitute active participation in sex trafficking. *Reddit*, 51 F.4th at 1145–46 ("The statute does not target those that merely 'turn a blind eye to the source of their [revenue].") (quoting *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)).

Plaintiff weakly attempts to allege that defendants profited from her trafficking because they sold sexual paraphernalia on their properties, which men who exploited her would have purchased. (ECF No. 172, Ex. B ¶¶ 144–156). This allegation is not enough to impute liability as to any of the defendants because "TVPRA claims usually involve a defendant either directly supporting a sex trafficker or forming a tacit agreement with the trafficker through a business relationship." *Catelyn H. v. G6 Hosp., LLC*, No. 24-cv-00939 JCM(DJA), 2025 WL 929032, 2025 U.S. Dist. LEXIS 57162, at *11 (D. Nev. Mar. 26, 2025). The proposed second amended complaint is devoid of any allegations of such a relationship.

### ii.    Knew or Should have Known That the Venture Involved Sex Trafficking

In November, the court concluded that "[p]laintiff's allegations, at most, establish that defendants should have known that plaintiff was engaging in commercial sex activity." (ECF No. 171 at 9). Plaintiff's proposed second amended complaint does not cure this deficiency as it does not support that defendants knew or should have known of a venture that involved sex trafficking by force, threat of force, or coercion, as opposed to general knowledge that trafficking and commercial sex occurs in Las Vegas. (ECF No. 171 at 9–10) (collecting cases); *see, e.g.*, *C.C. v.*

*Rashid*, No. 2:23-cv-02056-GMN-BNW, 2024 WL 5200543, at \*10 (D. Nev. Dec. 20, 2024); *Croft v. Dolan*, No. 24-6150, 2025 WL 3720844, at \*3 (9th Cir. Dec. 23, 2025); *Parker v. Bally's Corp.*, No. 2:24-cv-01880-CDS-MDC, 2025 WL 2421231, at \*7 (D. Nev. Aug. 20, 2025).

Plaintiff still does not identify or describe any instances in which employees at defendants' hotels and casinos did or could have observed or heard acts of violence or coercion against her. Nor does she allege any relationship between defendants and her trafficker that would satisfy the plausibility standard that defendants "knew or should have known" the venture involved sex trafficking. *See Parker*, 2025 WL 2421231, at \*7. Indeed, in her proposed second amended complaint indicates that her trafficker did not attempt to establish a relationship with the casinos, as he "usually followed her at a distance to keep tabs on her," but "forbid [her] from speaking to him where security might notice[.]" (ECF No. 172, Ex. B ¶¶ 180, 181).

There is testimony from Wynn that apparently shows the casino "admitted that steps to reduce prostitution are 'necessarily' steps to reduce human trafficking" (ECF No. 172 at 5) (quoting Ex. 2 at 21:4–14). But this is irrelevant because "the TVPRA does not impose an affirmative duty to police and prevent sex trafficking." *Christina T. v. Bellagio*, 2025 WL 2962780, at \*5 (D. Nev. Oct. 17, 2025) (quoting *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1027 (D. Or. 2021)).

Plaintiff continues to assert that defendants should have been aware of her alleged trafficking, because she was covered with bruises and was branded with her trafficker's name; she adds that her trafficker would have been caught on the same video footage as her. (ECF No. 172, Ex. B ¶ 232).

In her proposed second amended complaint, plaintiff more forcefully attempts to assert defendants' awareness of "branding" in the sex trade, but this does not fix the conclusory nature of these allegations or lack of any alleged instances in which defendants' longtime casino employees actually interacted with plaintiff or saw her. *See Parker*, 2025 WL 2421231, at \*7 (finding that plaintiff's claims she was visibly bruised and scarred were "[c]onclusory statements that that certain things are 'obvious signs of sex trafficking' [that] do not meet the pleading standard.") (quoting *A.B. v. Extended Stay Am., Inc.*, 2023 WL 5951390, at \*6 (W.D. Wash. Sept.

13, 2023)).  As this court first said, "plaintiff's tattoo, which she asserts is a visible brand, is not necessarily obvious as something other than a tattoo of a name[.]"  (ECF No. 171 at 9).

Plaintiff also now claims that her trafficker "stayed close enough" to her such that the defendants' security cameras would have caught them in the same frame, (ECF No. 172, Ex. B ¶ 181), but even assuming security personnel viewed the footage at the precise moments plaintiff and her trafficker were in the same vicinity, it is unclear to this court how defendants would know that a man on the "other end of the same bar" from plaintiff was her trafficker.  (*See id.* ¶¶ 182, 232).

Considering the court's discretion to deny leave to amend after a plaintiff has previously amended with permission of the court, (and that granting leave to amend would be futile), the court did not commit clear error in granting the defendants' motions to dismiss with prejudice.  The court therefore declines to amend the judgment on this ground.

B.    "Newly Discovered" Evidence

Plaintiff also claims to have "newly discovered evidence" that justifies amendment of the judgment.  To be newly discovered evidence justifying amendment, the plaintiff must demonstrate that (1) the evidence was discovered after the judgment, (2) that the evidence could not be discovered earlier through due diligence, and (3) that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different.  *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).

Plaintiff claims that there is new evidence tending to show the defendants' "knowledge of the interconnected nature of sex trafficking and commercial sex work."  (ECF No. 172 at v).  This evidence comes from corporate testimony produced in another case before the District of Nevada, *A.H. v. Wynn et al.*, No. 2:24-cv-01041-GMN-NJK.[2]

        1.    *"Newly Discovered" Evidence Does Not Pertain to Treasure Island or the Caesars defendants.*

---

[2] Notably, plaintiff's reliance on this "newly discovered" evidence has been challenged by MGM and other defendants in the *A.H.* litigation as a violation of a protective order.  Plaintiff has moved to intervene in that case for the purpose of unsealing documents and obtaining leave to use confidential information in this case.  (*A.H.*, ECF No. 138; *see* ECF Nos. 140, 141).  MGM's motion for sanctions and to enforce the protective order is pending before Magistrate Judge Koppe.  (*See A.H.*, ECF No. 142).  Out of respect for the confidentiality issues in question that have yet to be resolved in the *A.H.* litigation, the court does not discuss MGM's deposition testimony with specificity.

As an initial matter, the depositions from the *A.H.* litigation are from corporate representatives of the Venetian, MGM, and the Wynn. There is no corporate testimony from, or other proffered new evidence alleged as to, Treasure Island, Bally's, Planet Hollywood, or the Rio. Plaintiff is not permitted to generally lump all defendants together based only on evidence ascertained from the Venetian, MGM, and the Wynn, in litigation which does not involve Treasure Island, Bally's, Planet Hollywood, or the Rio in any way. *See, e.g.*, *Duenas v. Wal-Mart Store E., L.P.*, No. 2:21-cv-1547-JCM-DJA, 2022 WL 4624226, at \*1 (D. Nev. Sept. 30, 2022) ("[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper.") (quotation marks and citation omitted). It is speculative to presume, based only on the fact that the defendants "operate in the same city," that they must therefore have the same knowledge, experience, policies, or records as each other. (ECF No. 172, Ex. B ¶¶ 55–60, 62, 196–99, 230). *See generally Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (allegations in complaint must rise above speculative level).

> 2.     *As To the Venetian, Wynn, & MGM Defendants, Most of the "New Evidence" Was Available Before Judgment And the Outcome Would Not Have Changed.*

The corporate testimony from the Venetian and the Wynn is not "new evidence." *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when it could reasonably have been raised earlier in the litigation.") (emphasis in original); *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1438 (9th Cir. 1986) (denial of leave to amend was proper where plaintiff simply restated claims and "the factual bases of the claims were known to [plaintiff] long before").

Mr. Kane, co-counsel for both Ms. Keller and the plaintiff in the *A.H.* litigation, was present for the depositions of Wynn's and Venetian's corporate representatives. *A.H.*, No. 2:24-cv-01041 (ECF No. 128, Ex. 3); (ECF No. 128, Ex. 5). These depositions were taken in July 2025 and filed on the public docket by Mr. Kane before the court's order. Mr. Kane, therefore, was aware of this testimony for four months before the court's judgment, yet chose not to file for leave to amend the complaint in the interim.

. . .

- 9 -

Although Wynn's emails and the deposition testimony of MGM's corporate representative were not reasonably available for plaintiff's use before the court's order, *A.H.*, No. 2:24-cv-01041 (ECF No. 133, Ex. B), their content is not "new" to this case. The evidence drawn from each of the depositions and redacted emails is merely cumulative of plaintiff's preexisting allegations and fails to correct the errors identified by this court. (*See* ECF No. 178 at 10–13) (comparing allegations in original complaint, first amended complaint, and proposed second amended complaint); *supra* Section A.2 (explaining why amendment would be futile).

First, plaintiff alleges that the corporate testimony from Wynn, MGM, and the Venetian is evidence of these defendants' knowledge of the connection between prostitution and human trafficking. (ECF No. 172 at v); (*see* ECF No. 172, Ex. B ¶¶ 49–61, 137, 196–99, 227–32). But the complaint and first amended complaint already alleged that "The vast majority of American prostitutes…are victims of human trafficking within the meaning of the TVPRA." (ECF No. 1 ¶ 45); (ECF No. 138 ¶ 44). As discussed in Section A, the inclusion of the testimony does nothing to establish that the defendants participated in a venture they knew or should have known trafficked plaintiff by force, threat of force, or coercion. (ECF No. 171 at 9–10); *see supra* Section A.2.

Second, allegedly "new" evidence regarding Wynn's and Venetian's video footage and recordkeeping policies is cumulative of plaintiff's previous allegation that defendants had "omnipresent security cameras" with "facial recognition software" that would have "flag[ed] [plaintiff] as a likely sex worker" and captured her "visible brand."[3] (ECF No. 138 ¶¶ 151–57); (ECF No. 172, Ex. B ¶¶ 224–33). The court already held that these allegations show, at most, that defendants "should have known plaintiff was engaging in commercial sex activity." (ECF No. 171 at 9).

In sum, the purported "new evidence" does not apply to several defendants and much of it is not "new" as to the others. For the reasons laid out here and *supra* Section A.2, the outcome would not be different, as plaintiff's second amended complaint still fails to meet the pleading

---

[3] Of note, plaintiff states that Venetian stored video files from 2012 to 2014 "indefinitely." (ECF No. 172, Ex. B ¶ 229). The court ruled that the relevant time period begins in October 2014. (ECF No. 171 at 5).

standards.  Thus, the court declines to amend the judgment based on plaintiff's "new evidence."

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff McKenzie Keller's motion to alter or amend the judgment and for leave to file a second amended complaint (ECF Nos. 172, 173) be, and the same hereby is, DENIED.  The clerk of court is instructed to close the case.

DATED February 19, 2026.

_____
UNITED STATES DISTRICT JUDGE

- 11 -